Case: 1:21−mj−00008
Assigned To : Harvey, G. Michael
Assign. Date : 1/7/2021
Description: Complaint w/ Arrest Warrant

## STATEMENT OF FACTS

On January 6, 2021, I was on duty and performing my official duties as an Officer in the United States Capitol Police. Specifically, I was detailed and deployed in uniform at the United States Capitol building to provide protective functions for members of Congress and their staff. As an Officer in the United States Capitol Police, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate chamber.

With the joint session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows. Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m.

At approximately 3:00 p.m. on January 6, 2021, I was performing my official duties on the first floor of the United States Capitol building. In reacting to the crowd that had breached a window of the building, I moved to a hallway in the northwest corner of the building, *i.e.*, the Senate wing of the Capitol building. While there, I attempted to form a barrier with other officers to stop or deter additional individuals from entering the Capitol building through an emergency entrance/exit that had breached by individuals who had accessed the Capitol. In the course of this effort and while inside the Capitol building, I encountered an adult male who was later identified as Matthew Ross COUNCIL. He was part of a larger group, but was individually pushing against the barrier to include an emergency door that is kept closed. Once the door was forcibly opened he broke through along with others.  All during this time he was continually yelling at police officers that were trying to contain the scene.  When he was deterred from advancing further into the building, COUNCIL pushed a uniformed officer of the United States Capitol Police. COUNCIL was subsequently pepper sprayed by one or more other law enforcement officers. The pepper spray also had an effect on me, but I was able to respond and detain COUNCIL. While in custody, but prior to being advised of his *Miranda* rights, COUNCIL spontaneously expressed remorse about pushing the officer and indicated that he did not intend to injure her.

Based on the foregoing, your affiant submits that there is probable cause to believe that  COUNCIL violated 18 U.S.C. § 1752(a), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (3) knowingly, and

with the intent to impede or disrupt the orderly conduct of Government business or official functions, obstruct or impede ingress or egress to or from any restricted building or grounds; or (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a restricted building includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Further, your affiant submits that there is probable cause to believe that COUNCIL violated 40 U.S.C. § 5104(e)(2), which makes it a crime for an individual or group of individuals to willfully and knowingly (A) enter or remain on the floor of either House of Congress or in any cloakroom or lobby adjacent to that floor, in the Rayburn Room of the House of Representatives, or in the Marble Room of the Senate, unless authorized to do so pursuant to rules adopted, or an authorization given, by that House; (B) enter or remain in the gallery of either House of Congress in violation of rules governing admission to the gallery adopted by that House or pursuant to an authorization given by that House; (C) with the intent to disrupt the orderly conduct of official business, enter or remain in a room in any of the Capitol Buildings set aside or designated for the use of— (i) either House of Congress or a Member, committee, officer, or employee of Congress, or either House of Congress; or (ii) the Library of Congress; (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings; or (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
OFFICER AMERICO NEPA
UNITED STATES CAPITOL POLICE

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 7th day of January 2021.*

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE